## THE EAST RIVER BANK *v.* JAMES C. GEDNEY.

The Eighth Avenue Bank gave notice to the other banks in the city of New York, that checks drawn upon the former might be presented to the Metropolitan Bank. Whether that fact, or a course of dealing between the banks in pursuance thereof, would excuse a bank from presenting a certified check of the Eighth Avenue Bank to the latter, and render a presentment thereof to the Metropolitan Bank sufficient, in case the drawees failed, and the payment of the check was lost by the delay ?   *Quere.*

At all events, the payees would be bound to give the drawer of the check prompt notice of the refusal of the Metropolitan Bank to honor the check.

And where, instead of giving such notice, the payees received the check back from the Metropolitan Bank, and on a subsequent day made presentment to the drawees, and afterwards gave notice of non-payment; *held,* that the drawees having failed intermediate the presentment to the Metropolitan Bank and the last presentment, the drawer, who had funds with the drawees, was not liable upon the check.

An exception to a part of a charge to a jury, without designating the part objected to, is not sufficient.

The East River Bank *v.* Gedney.

ACTION upon a bank check drawn by the defendant, and received from him by the plaintiffs, the East River Bank, in part payment of a note.

The check was dated October 4, 1854, and was certified by the drawees, the Eighth Avenue Bank. On the next morning it was sent, with other exchanges, to the Metropolitan Bank, a witness testifying that the latter was the bank which redeemed checks for the Eighth Avenue Bank, and for other banks in the city of New York, " which did not go to the clearing house." It was said that the Metropolitan Bank had given notice to the other banks that they would receive presentment of checks drawn upon the Eighth Avenue Bank. It also appeared that they had been designated for that purpose by the Eighth Avenue Bank, by whom a notice had been given, that checks upon them would be redeemed by the Metropolitan Bank.

On the 5th of October the check was found by the East River Bank among the exchanges returned by the Metropolitan Bank, with a notice that the latter had no funds of the Eighth Avenue Bank.

The plaintiffs then presented the check to the drawees ; but it was uncertain, from the testimony, whether such presentment was on the fifth, sixth or seventh of October. The check was not paid—the drawees having failed. Their paying teller testified that the drawer had sufficient funds at the bank, and that if the check had been presented on the third, fourth or fifth of October, it would have been paid. The bank suspended payment about three or five minutes before three o'clock on the fifth.

After presentment at the Eighth Avenue Bank, the check was presented to the plaintiffs, who then for the first time received notice of the non-payment.

The cause was tried before WOODRUFF, J., and a jury. The following was the charge, as set forth in the case :

" That the plaintiffs, when they received this check, duly certified by the bank on which it was drawn, assumed the duty of presenting it for payment within a reasonable time ;

and if the drawer had funds in such bank, and yet it was not paid, then, also, the further duty of giving notice to the drawer, within a reasonable time after such presentment, to enable him to take measures to secure himself.

"That ordinarily, when all parties reside, or are located in the same place, a bank check should be presented on the same or the next day after its receipt, unless there is something in the course of business between the parties that renders further time reasonable; and so, also, the holder should give notice to the drawer of non-payment, on the same or the next day after it is presented. And if the plaintiffs did this, they are entitled to recover.

"That if, according to the course of business between the Eighth Avenue Bank and the other banks in the city, the Metropolitan Bank was the agent of the former, to receive the presentment of checks drawn upon them, or if such was the notice given, or authorized to be given, by the Eighth Avenue Bank to the East River Bank, then the plaintiffs were justified in sending the check to the Metropolitan Bank, and the delay caused thereby would not prevent a recovery by the plaintiffs.

"Some obscurity on this subject arises from the circumstances, that the plaintiffs do not appear to have acted upon that as a presentment, by notifying the drawer upon its return to them by the Metropolitan Bank, for there is not only no proof that they gave notice to the drawer immediately on its return from that bank, or the next day after, but it is testified that they afterwards made an actual presentment at the Eighth Avenue Bank, and after that presentment notified the defendant—precisely how soon after it will be for you to determine. The teller of the Eighth Avenue Bank testifies, that had the check been presented at that bank on the 3d, 4th or 5th of October, it would have been paid; and he thinks it was not presented until the 6th or 7th; and there is evidence that the notice given to the defendant was after the presentment at the Eighth Avenue Bank. What are the facts in regard to the time of presentment and of notice, is to

The East River Bank *v.* Gedney.

be determined by you. If, in consequence of unreasonable delay on the part of the plaintiffs in making the presentment, or in giving notice to the defendant, the check was not paid, when, but for such delay, it would have been paid, the Eighth Avenue Bank having in the mean time stopped payment, it is just that the plaintiffs should bear the consequence of their own laches. Nevertheless, if you find that the check was not presented according to the ordinary rule before stated, still, if, under all the circumstances proved, you find that the plaintiffs used such diligence in presenting the check for payment, and in notifying the defendant of non-payment, as prudent men, for their own protection, in the usual course of business, would use, I charge, for the purpose of this trial, that the plaintiffs are entitled to your verdict."

It was stated in the case that the defendant " excepted to a part of the charge."

The jury found a verdict for the defendant. The court, at special term, denied an application for a new trial, and the plaintiffs appealed to the general term.

*John Newhouse,* for the plaintiffs, cited *Over* v. *McDonald,* 9 Gill, 350 ; *Murray* v. *Judah,* 6 Cow. 490 ; Chitty on Bills, 8th ed. 412 ; *Robson* v. *Bennett,* 2 Taunt. 388.

*Mathias Banta* and *David E. Wheeler,* for the defendant, cited *Gough* v. *Bates,* 13 Wend. 549 ; *Smith* v. *Jones,* 20 ib. 192, and other cases.

By the Court. Ingraham, First J.—I am not prepared to concede that a bank has a right to deprive the maker of a check of a demand on the bank for that check, by appointing another bank as a place of depositing such check for exchange. But as that point was in the plaintiffs' favor, they have no right now to complain of that part of the judge's charge.

Nor can they, with propriety, object to any part of it. The only exception stated is to " a part of the judge's charge,"

which part is not designated. Such an exception is unavailing.

The only exception in the case is to the refusal of the judge to instruct the jury that the plaintiffs were entitled to recover. This he refused to do, and instructed the jury that it was for them to decide what the facts were; and if, in consequence of the delay on the part of the plaintiffs in making the presentment, or giving notice to the defendant, the check was not paid, and the defendant was injured thereby, it was just that the plaintiffs should bear the consequences of their own laches.

· If the plaintiffs were right in leaving their check at the Metropolitan Bank, instead of presenting it at the bank where drawn, they should at once have given notice to the maker, instead of losing another day by presenting it at the Eighth Avenue Bank. If the demand at the Metropolitan Bank was not good, they were guilty of laches in leaving the check not presented from the 3d to the 5th instant. In this charge there was no error, and with proof of injury to the drawer from the failure of the bank between the date of the check and the day of notice to the drawer, the judge could not have charged as requested.

The necessity of immediate presentment of a check depends upon the condition of the drawee; a delay to present does not discharge the maker, if thereby he sustains no injury; but if, on the other hand, during such delay, the drawee fails, the holder must bear the loss.

This distinction is stated by Judge NELSON, in *Little* v. *The Phenix Bank*, 2 Hill, 425. He says, " The same diligence is required by the holder in order to charge the endorser, and to escape any responsibility as to the continued solvency of the drawee. In either case it becomes the holder of a check to show the same promptness in presentment as in case of a bill or note."

There was no error in the charge of which the plaintiffs can complain, and the verdict should not be disturbed.

Order denying a new trial affirmed.